# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard G. Jackson, | Civ. No. 19-0741 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota; Federal and State Agencies; and President Donald Trump, | |
| Defendants. | |

Plaintiff Howard G. Jackson brings this action alleging violations of his constitutional rights. Jackson did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual

1

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint alleges, in broad terms, that Jackson's constitutional rights were violated on several seemingly unrelated occasions (*see* Doc. No. 1, Compl. 4), but none of these occasions is described in sufficient detail and it is unclear what any of the Defendants named to this action—the State of Minnesota, the President of the United States, and unnamed federal and state agencies—have to do, specifically, with the factual allegations alleged in the Complaint.[1] Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the

---

[1] Moreover, the governmental entities are possessed with sovereign immunity from claims of constitutional violations raised directly against those entities. *See, e.g.*, *Smith v. Beebe*, 123 Fed. App'x 261, 262 (8th Cir. 2005) (per curiam); *Phelps v. U.S. Federal Government*, 15 F.3d 735, 739 (8th Cir. 1994). Thus, even if more adequately pleaded, Jackson's claims against the State of Minnesota and governmental agencies likely could not survive.

pleader is entitled to relief," but much more is needed than the little Jackson has provided.

Accordingly, it is recommended that this matter be dismissed without prejudice. Further, Jackson has not adequately alleged the existence of a conflict of interest or other circumstances necessitating the recusal of the undersigned or the presiding judge, as requested in his motion docketed on April 3, 2019 (Doc. No. 5), and thus it is recommended that this motion be denied as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of Plaintiff Howard G. Jackson (Doc. No. 2) be **DENIED**.

3. Jackson's motion for recusal (Doc. No. 5) be **DENIED**.

Dated: April 15, 2019            *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).