# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD G. JACKSON, | Civil No. 19-741 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA; FEDERAL AND STATE AGENCIES; and PRESIDENT DONALD TRUMP, | |
| Defendant. | |

Howard G. Jackson, 153 Emerson Ave, #204, West St. Paul, MN 55118, *pro se* plaintiff.

Plaintiff Howard G. Jackson brings this civil action against the State of Minnesota, unnamed State and Federal Agencies, and President Donald Trump (collectively, "Defendants") for violations of various constitutional rights. (Compl., Mar. 18, 2019, Docket No. 1.) Jackson's claims also involve being gang stalked, true and false hate crimes surrounding an incident involving Jussie Smollett in Chicago, defamation, and corruption. (*Id.* at 4.) Jackson does not directly connect any claim with any of the defendants listed. (*See generally id.*)

Upon filing this action, Jackson applied for *in forma pauperis* ("IFP") status in lieu of paying the filing fee. (IFP App., Mar. 18, 2019, Docket No. 2.) Jackson's case was reassigned to U.S. Magistrate Judge Becky R. Thorson and this Court due to a related case that Jackson previously filed. (Reassignment Order, Mar. 29, 2019, Docket No. 4.)

On April 3, 2019, Jackson filed a Motion for Hearing, objecting to the case reassignment and arguing an unspecified conflict of interest on the part of the newly assigned judges. (Mot. for Hearing at 1, 3-4, Apr. 3, 2019, Docket No. 5.) Magistrate Judge Thorson issued a Report and Recommendation ("R&R") on Jackson's Motion as well as his application for IFP status. (R. & R., Apr. 15, 2019, Docket No. 6.) While Magistrate Judge Thorson found that Jackson qualified financially for IFP status, she recommended denying the application and dismissing Jackson's Complaint without prejudice because he failed to state a cause of action on which relief could be granted. (*Id*.) Magistrate Judge Thorson also recommended denying Jackson's Motion for Hearing on the reassignment because Jackson had not sufficiently alleged a conflict of interest or other justification for recusal. (*Id.* at 3.)

Jackson subsequently filed two additional motions: a Motion for Hearing and a Motion to Compel. (Mot. for Hearing, Apr. 19, 2019, Docket No. 7; Mot. to Compel, Apr. 19, 2019, Docket No. 8.) Jackson's Motion for Hearing listed "objection[s]" and addressed reassignment of the case, among other matters. (Mot. for Hearing.) The Motion to Compel sought to compel a hearing for summary judgment, "spoliation," and his "tort claim." (Mot. to Compel.)

Because Jackson fails to state a cause of action upon which relief can be granted and fails to allege a conflict of interest, the Court will overrule his objections, adopt the R&R as described herein, deny his motions, and dismiss the action without prejudice.

## DISCUSSION

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which the objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines*, *LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Non-specific or repetitive objections are reviewed for clear error. *Montgomery*, 98 F. Supp. 3d at 1017.

In this case, Jackson's objections are non-specific and repetitive; thus, the Court will review for clear error. However, even under de novo review, the Court would overrule Jackson's objections and adopt the R&R.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), if the Court finds—at any time—that an IFP applicant's complaint fails to state a claim on which relief may be granted (as per Federal Rule of Civil Procedure 8(a)(2)), then the action must be dismissed. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). When determining whether a complaint states a claim on which relief may be granted, a court must accept the plaintiff's factual allegations as true. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). While factual allegations do not need to be detailed, they must be enough to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, the complaint's stated claim to relief must be "plausible on its face." *Id.* at 570. A court may disregard legal conclusions masquerading as factual allegations when evaluating the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Pro se complaints must be liberally construed. *Atkinson*, 91 F.3d at 1129. Nevertheless, they must still provide enough facts to properly support asserted claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson's "objections" are contained in the Motion for Hearing that he filed on April 19, 2019. He again states that he objects to reassignment of the case and references Magistrate Judge Thorson's dismissal of the case. Jackson, however, offers no support for any of his objections. He does not specify why the case should not be reassigned, does not explain why his Complaint should not be dismissed, and does not specifically respond to any of the R&R's conclusions or recommendations. The Magistrate Judge properly found that Jackson failed to state a claim upon which relief could be granted. Even construing Jackson's Complaint liberally, he provides no factual support for any of his claims and does not connect any of the defendants to any of his claims.

As such, the Court will overrule Jackson's objections to the R&R, adopt the R&R, deny his IFP application, deny his remaining motions as moot, and dismiss this action without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections contained in his April 3, 2019 Motion for Hearing

[Docket No. 5] are **OVERRULED**;

2. The Report and Recommendation of the Magistrate Judge [Docket No. 6] is **ADOPTED**;

3. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**, pursuant to 29 U.S.C. § 1915(e)(2)(B)(ii);

4. Plaintiff's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED**;

5. Plaintiff's Motion for Hearing [Docket No. 5] is **DENIED** as moot;

6. Plaintiff's Motion for Hearing [Docket No. 7] is **DENIED** as moot; and

7. Plaintiff's Motion to Compel [Docket No. 8] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: July 17, 2019                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                    United States District Judge